IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CORDELIAH BROUSSARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STARMOUNT LIFE INSURANCE COMPANY, a foreign corporation, | ) |
| | ) |
| Defendant. | ) |

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN 13 2014

TIM RHODES
COURT CLERK

30_____

CJ-2014-3402

## PETITION

COMES NOW the plaintiff, Cordeliah Broussard, and for her Petition and causes of action against the defendant, Starmount Life Insurance Company, states as follows:

1. Cordeliah Broussard is a resident of Oklahoma City, Oklahoma.

2. Defendant, Starmount Life Insurance Company (hereafter known as "Starmount"), is a foreign corporation authorized to do business in the State of Oklahoma and is authorized to issue insurance policies in the State of Oklahoma by the Oklahoma Insurance Department.

3. The insurance contract sued upon herein was purchased by Plaintiff in Oklahoma.

4. Therefore, Starmount has sufficient contacts with the State of Oklahoma to warrant the exercise of *in personam* jurisdiction by this Court. Pursuant to 12 O.S. §2004(F), this Court has proper subject matter jurisdiction. Pursuant to 12 O.S. §137, venue is proper in Oklahoma County.

## FACTS

5. Plaintiff adopts and incorporates herein paragraphs 1 through 4 above, as if more fully stated herein, and further alleges and states as follows:

Exhibit 1

6. On or about April 9, 2013, an insurance policy sold by Starmount and purchased by Plaintiff was in full force and effect. Starmount identified the policy with the number L111675150. The policy provided life insurance in the amount of $20,000.00 upon the death of Plaintiff's brother, Mackeith Lewis Patterson.

7. On or about April 9, 2013, Plaintiff died from cancer, qualifying Plaintiff for payment of the above-referenced policy benefits.

8. After that date, Plaintiff filed a claim with Starmount pursuant to collect the life insurance policy benefits. At all times relative to said claim, Plaintiff fully complied with the terms and conditions of the policy.

9. On or about May 23, 2013, Starmount denied Plaintiff's claim by stating that that Mr. Patterson was an alcohol abuser and that questions on the life insurance application had been answered incorrectly. Starmount then rescinded the policy and returned the premiums paid to Plaintiff.

10. Starmount's denial of Plaintiff's claim and its rescission of the policy were done in violation of the terms of the contract. Further, Starmount ignored obvious evidence, which supported coverage and which required payment of Plaintiff's claim. Starmount failed to conduct a full and fair investigation of Plaintiff's claim. Further, Starmount used its unfair bargaining power over Plaintiff in an attempt to cheat Plaintiff out of her policy benefits. Starmount's actions resulted in an improper denial of Plaintiff's claim. Further, Starmount intentionally misread its own application language in order to justify an improper denial of Plaintiff's claim, without good reason and in an attempt to avoid payment to Plaintiff.

11. As a result of Starmount's improper conduct, Plaintiff sustained, among other things, monetary damages, inconvenience, physical discomfort, loss of peace of

Exhibit 1

mind and security, emotional distress, worry, anguish, financial distress, and attorney fees.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

12. Plaintiff adopts and incorporates herein paragraphs 1 through 11 above, as if more fully stated herein, and further alleges and states as follows:

13. Starmount breached the insurance contract with Plaintiff by denying her life insurance claim. As a result of Starmount's breach of contract, Plaintiff was damaged in the amount of Twenty Thousand Dollars ($20,000.00), for medical bills, and physical and emotional pain and suffering.

## SECOND CAUSE OF ACTION

## BAD FAITH

14. Plaintiff adopts and incorporates herein paragraphs 1 through 13 above, as if more fully stated herein, and further alleges and states as follows:

15. When Plaintiff purchased the subject insurance policy from Starmount, she did not contract to obtain a commercial advantage, but sought to protect herself against the risks of accidental losses and the mental stress that could result from such losses. Starmount knew one of the primary reasons consumers, such as Plaintiff, purchase insurance is the peace of mind and security that it provides in the event of loss. Starmount knew that the very risk Plaintiff insured herself against presupposed that when a claim was made for benefits under the automobile coverage, Plaintiff could possibly be in financial straits or circumstances and, therefore, particularly vulnerable to oppressive tactics on the part of economically-powerful entities such as Starmount.

Exhibit 1

16. The relationship Starmount had with Plaintiff was a fiduciary relationship and/or a special relationship making the laws governing fiduciary relationships applicable. Despite this fiduciary and/or special relationship, Starmount refused to honor its prior commitment to conduct a full, fair and complete investigation and to pay Plaintiff's uninsured motorist claim, as supported by the evidence.

17. Starmount owed a duty of good faith and fair dealing to Plaintiff, which obligated Starmount to conduct a full, fair and complete investigation into the facts of Plaintiff's death and to pay Plaintiff's claim.

18. By ignoring evidence, which supported Plaintiff's claim, Starmount breached its duty of good faith and fair dealing owed to Plaintiff. Starmount further violated the duty of good faith and fair dealing by unreasonably failing to perform a full, fair and complete investigation and by failing to evaluate the results of its investigation. Starmount had no reasonable basis to deny the payment of Plaintiff's claim in such an egregious manner. Starmount also violated its duty of good faith and fair dealing by misreading its own application language and misapplying the information contained within Mr. Patterson's medical records. Starmount further violated its duty of good faith and fair dealing by negligently supervising Plaintiff's claim.

19. Starmount breached the duty of utmost good faith and fair dealing owed by an insurer to their insured. Starmount recklessly disregarded its duty to deal fairly and in good faith with its insured. Further, Starmount acted intentionally and with malice by denying the payment of Plaintiff's claim with no evidence supporting the denial. Starmount should be punished for engaging in reckless, intentional and malicious conduct and to serve as an example to Starmount and others who might attempt the same type of conduct. As a result of Starmount's breach of its duty of good faith and fair dealing,

Exhibit 1

Plaintiff has suffered monetary damages and has suffered emotional damage in the form of inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, worry, anguish, and financial distress.

20. The actions and/or omissions of Starmount have inflicted devastating financial consequences and other injury and damages upon Plaintiff.

21. Based upon Starmount's wanton, willful, and malicious actions, as well as its reckless disregard of its duty to deal fairly and in good faith towards its insured, Plaintiff seeks punitive damages.

22. Finally, Plaintiff alleges Starmount's wanton, willful, malicious, and/or reckless acts are part of a common plan and/or scheme to disregard its duty to deal fairly and in good faith toward its insured, such as the Plaintiff, when investigating, evaluating, and failing to pay first-party insurance claims.

WHEREFORE, premises considered Plaintiff prays for a money judgment against Starmount for (a) breach of contract damages in the amount of $20,000.00; (b) actual and compensatory damages for bad faith in an amount in excess of the amount required for federal jurisdiction; (c) punitive damages in an amount in excess of the amount required for federal jurisdiction; (d) Plaintiff's prejudgment interest, costs, and a reasonable attorney fee; and (e) such other relief to which Plaintiff may be entitled.

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMAND

KEVIN BENNETT, P.C.
Kevin Bennett, OBA # 14185
414 N.W. 4th Street, Suite 200
Oklahoma City, OK 73102
(405) 272-0303 (phone)
(405) 702-4984 (fax)
kevin@bennettlawokc.com

Exhibit 1